[No. B165985. Second Dist., Div. Two. Apr. 23, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE ERNESTO BURGOS, Defendant and Appellant.

## COUNSEL

Jeralyn B. Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Chung L. Mar and Kenneth J. Kao, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ASHMANN-GERST, J.**—Jose Ernesto Burgos, also known as Isaiah Flores and Jose E. Flores, appeals from the judgment imposed on resentencing after remand by this court (*People v. Burgos* (Oct. 31, 2002, B153653) [nonpub. opn.]), following his conviction by jury of second degree robbery (Pen. Code, § 211)[1] and assault by means likely to produce great bodily injury with the personal infliction of great bodily injury (§§ 245, subd. (a)(1), 12022.7, subd. (a)), and his admission of two prior serious felony convictions within the meaning of section 667, subdivision (a) and the three strikes law (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)). He was originally sentenced to two consecutive prison terms of 25 years to life, with a three-year enhancement for the infliction of great bodily injury and two five-year prior serious felony conviction enhancements. On remand, he was again sentenced to two consecutive prison terms of 25 years to life, with a three-year enhancement for the infliction of great bodily injury. Pursuant to our directions, the trial court imposed only one five-year prior serious felony conviction enhancement. In this appeal, he contends that the trial court abused its discretion in refusing to strike one of his two prior strike convictions, because the two prior strike convictions arose from the same act. We agree.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## FACTS AND PROCEDURAL BACKGROUND

We need not repeat at length the facts underlying the current offenses, which are set forth in our nonpublished opinion in *People v. Burgos, supra,* B153653.[2] It will suffice to observe that in December 2000, while appellant was in a holding cell at the Citrus court in West Covina, he obtained a pair of shoes from one fellow detainee by means of fear, then kicked and punched a second fellow detainee, leaving him with effects of the attack that persisted at the time of trial. Appellant admitted two prior felony convictions within the meaning of section 667, subdivision (a) and the three strikes law, a conviction of attempted robbery and a conviction of attempted carjacking, each sustained in April 1999 in case No. GA038482. The trial court declined to strike one of the prior convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628] *(Romero)* and section 1385, and sentenced appellant to two consecutive terms of 25 years to life each, with enhancements as set forth above.

Appellant appealed. We asked the parties to address the issue of whether appellant's two prior felony convictions were brought and tried separately within the meaning of section 667, subdivision (a). We concluded, as the parties agreed, that appellant's prior convictions of attempted carjacking and attempted robbery were not brought and tried separately[3] and that one of the five-year prior serious felony conviction enhancements had to be stricken.

Among his contentions, appellant claimed that his trial counsel provided ineffective assistance by failing to ask the trial court to strike one of the prior strike convictions. He argued that in *People v. Benson* (1998) 18 Cal.4th 24 [74 Cal.Rptr.2d 294, 954 P.2d 557] *(Benson)*, the Supreme Court stated that where multiple convictions arise from a single act and all but one of the convictions are stayed under section 654, a trial court abuses its discretion if it fails to strike one of the stayed convictions. We held that appellant did not establish that his counsel was ineffective, warranting reversal, because the trial court in fact considered whether to strike a prior conviction, despite

---

[2] We take judicial notice of the record and opinion in *People v. Burgos, supra,* B153653. (Evid. Code, §§ 452, 459.)

[3] We have taken judicial notice, as we did in *People v. Burgos, supra,* B153653, of the complaint, the information, the transcript of the preliminary hearing, and minute orders of sentencing and of revocation of probation in case No. GA038482. These documents demonstrate that the attempted carjacking and attempted robbery convictions arose from a single criminal act, where appellant and two companions approached a man at a gas station and appellant demanded the victim's car while one of the companions told the victim that he had a gun. Appellant and his companions were frightened off before they took the victim's car. Appellant waived his *Miranda* rights *(Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602]) and admitted that he and his companions were trying to steal the victim's car.

counsel's failure to raise the issue, and decided that issue against him. Thus, appellant failed to establish prejudice as is required for a reversal on ineffective assistance grounds. (*People v. Lewis* (2001) 25 Cal.4th 610, 646 [106 Cal.Rptr.2d 629, 22 P.3d 392].) We pointed out that the Supreme Court in *Benson* had not stated that the refusal to strike a prior conviction on which the sentence had been stayed would necessarily constitute an abuse of discretion, quoting the following language from that case: "Because the proper exercise of a trial court's discretion under section 1385 necessarily relates to the circumstances of a particular defendant's current and past criminal conduct, *we need not and do not determine* whether there are some circumstances in which two prior felony convictions are so closely connected—for example, when multiple convictions arise out of a single act by the defendant as distinguished from multiple acts committed in an indivisible course of conduct—that a trial court would abuse its discretion under section 1385 if it failed to strike one of the priors." (*Benson, supra,* 18 Cal.4th at p. 36, fn. 8, italics added.)

We concluded that "inasmuch as the trial court erroneously imposed two five-year section 667, subdivision (a) enhancements based on the attempted carjacking and attempted robbery prior convictions, which arose from the same act and were not brought and tried separately, we will remand the matter for resentencing, at which time the trial court may consider whether, under the language in *Benson* cited above (*Benson, supra,* 18 Cal.4th at p. 36, fn. 8), it deems it appropriate to exercise its discretion under *Romero, supra,* 13 Cal.4th 497 and section 1385 to strike one of the prior strikes." (*People v. Burgos, supra,* B153653.)

## RESENTENCING

In the trial court following our remand, appellant's trial counsel stated that he had spoken with appellate counsel on the subject of the *Romero* motion and that he wished to bring the *Benson* case, particularly footnote 8, to the attention of the trial court. Defense counsel argued that appellant's strikes arose from "the same act in the same case." The prosecutor argued that the striking of one of the five-year enhancements was "all we've been ordered to do and to do anything more is contrary to the opinion."

After additional discussion, the trial court stated, "So for whatever it's worth, the motion is denied for two reasons: One reason, I've already done it. I've already considered it. I've already been affirmed. The second reason is that if I have the discretion, I would deny it anyway. So there it is. [¶] So I deny it because there's no basis for it. [¶] Now *Benson* simply says I've got discretion, which I've exercised and I've denied it."

Appellant's counsel asked, "Considering the *Benson* case then?" The trial court replied, "All that *Benson* says is that the court should consider whether it was all done at one time or at different times. It doesn't say in *Benson* that I've got to go ahead and strike it because it was all done at one time. It just says that I've got discretion to do one or the other. [¶] And I considered it and I've already ruled on it originally even though the motion wasn't made. But to make it perfectly clear, I've considered it now, and it's still denied, okay."

## DISCUSSION

 Appellant contends that the trial court abused its discretion in failing to strike one of his two prior strike convictions, because the two prior convictions arose from a single act and his criminal record does not otherwise warrant a sentence of 58 years to life in prison. While it might have served the cause of judicial economy had we addressed this issue directly when it was raised by means of an ineffective assistance of counsel claim in appellant's earlier appeal, we did not, but, rather, we simply addressed it under the applicable law governing ineffective assistance claims. We now hold that the failure to strike one of the two priors convictions that arose from a single act constitutes an abuse of discretion.[4]

In *Benson, supra,* 18 Cal.4th 24, the Supreme Court considered whether a prior serious felony conviction on which sentence was stayed pursuant to section 654[5] constituted a strike under the three strikes law. The court ruled, based on the language, legislative history and legislative purpose of the three strikes law, that a qualifying prior conviction on which sentence was stayed is nevertheless a strike prior. As indicated above, the Supreme Court in *Benson* did not address "whether there are some circumstances in which two prior felony convictions are so closely connected—for example, when multiple convictions arise out of a single act by the defendant as distinguished from multiple acts committed in an indivisible course of conduct—that a trial court

---

[4] The People assert, "To the extent this Court's opinion limited the remand to striking one of the five-year enhancements and resentencing, this subsequent appeal should be summarily dismissed." We reject this suggestion. Our opinion stated that the matter was remanded for resentencing "in accordance with the views expressed herein" (*People v. Burgos, supra,* B153653), and, as indicated above, we expressly stated that at the remand for resentencing the trial court might "consider whether, under the language in *Benson* cited above . . . it deems it appropriate to exercise its discretion under [*Romero*], *supra,* 13 Cal.4th 497 and section 1385 to strike one of the prior strikes." To the extent the People claim that this issue is not reviewable on appeal, we reject this suggestion as well. (*People v. Myers* (1999) 69 Cal.App.4th 305, 309 [81 Cal.Rptr.2d 564].)

[5] Section 654 provides, in pertinent part, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

would abuse its discretion under section 1385 if it failed to strike one of the priors." (*Benson, supra,* at p. 36, fn. 8.)

■ Whether to strike a prior conviction in furtherance of justice under section 1385 is within the discretion of the trial court at sentencing. In deciding whether to exercise its discretion to strike a prior conviction, the trial court must take into consideration the defendant's background, the nature of his current offense, and other " 'individualized considerations.' " (*Romero, supra,* 13 Cal.4th at p. 531.) "[P]reponderant weight must be accorded to factors intrinsic to the [three strikes] scheme, such as the nature and circumstances of the defendant's present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects." (*People v. Williams* (1998) 17 Cal.4th 148, 161 [69 Cal.Rptr.2d 917, 948 P.2d 429].) In deciding whether to strike a prior conviction, and in reviewing a trial court's ruling, "the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies."[6] (*Williams,* at p. 161.)

As the Supreme Court indicated in *Benson,* a prior conviction which qualifies as a strike may have been stayed pursuant to section 654 under either of two different rationales—either because the defendant's multiple convictions resulted from multiple acts arising from an indivisible course of conduct, or because the convictions resulted from the same single act. (*Benson, supra,* 18 Cal.4th at p. 36, fn. 8.) The Supreme Court's language in footnote 8 in *Benson,* quoted above, strongly indicates that where the two priors were so closely connected as to have arisen from a single act, it would necessarily constitute an abuse of discretion to refuse to strike one of the priors.

Subsequent to *Benson,* in a case in which the defendant's two current convictions, murder and gross vehicular manslaughter, arose from the same act, the defendant complained that, pursuant to *Benson,* his convictions could constitute two strikes in a future prosecution. The Supreme Court reiterated, "We are not faced with that question in the present case, but we believe it is appropriate and prudent to note that in this court's decision in *Benson,* we observed that a trial court may strike a prior felony conviction under section

---

[6] The issue of the appropriate standard of appellate review of a trial court's decision declining to dismiss a prior conviction for purposes of sentencing under the three strikes law is currently pending before the Supreme Court. (*People v. Carmony,* ■ review granted May 21, 2003, S115090.)

1385, and that we left open the possibility that 'there are some circumstances in which two prior felony convictions are so closely connected . . . that a trial court would abuse its discretion under section 1385 if it failed to strike one of the priors.' ([*Benson*], *supra*, 18 Cal.4th at p. 36 [&] fn. 8.)" (*People v. Sanchez* (2001) 24 Cal.4th 983, 993 [103 Cal.Rptr.2d 698, 16 P.3d 118].)[7]

Those circumstances are present in this case.

■ Here, appellant's two prior convictions, attempted carjacking and attempted robbery, were, in the language of *Benson*, "so closely connected," having arisen from the same single act, that failure to strike one of them must be deemed an abuse of discretion. In the case of these particular offenses, not only did the two prior convictions arise from the same act, but, unlike perhaps any other two crimes, there exists an express statutory preclusion on sentencing for both offenses. Section 215, subdivision (c) permits the prosecution to charge a defendant with both carjacking and robbery under section 211, but expressly states that "no defendant may be punished under this section and Section 211 for the same act which constitutes a violation of both this section and Section 211." While this provision does not refer to the use of the convictions as priors in a later prosecution such as the one before us, it reinforces our belief that infliction of punishment in this case based on both convictions constitutes an abuse of discretion.

■ Appellant's strike priors arose from a single criminal act. His criminal history aside from the strike convictions consisted of misdemeanors, including a juvenile finding of battery on his sister and adult convictions of interference with a bus driver, unruly behavior at a bus terminal, and littering, and of one felony conviction for sale of a substance in lieu of a controlled substance, the matter for which he was in the holding cell where he committed the current offenses. While the current offenses were not merely petty theft or drug possession offenses, neither were they, under the circumstances, the worst of crimes. Consideration of the term the defendant will serve is appropriate in the determination as to whether to strike a prior conviction. (*People v. Garcia* (1999) 20 Cal.4th 490, 500 [85 Cal.Rptr.2d 280, 976 P.2d 831].) Appellant can be sentenced as a second strike defendant to a term as long as 20 years, comprised of the upper term for second degree robbery and a consecutive term for assault, both doubled under the three strikes law, with a great bodily injury enhancement and a section 667, subdivision (a) enhancement. We conclude that, in view of the particular offenses that constituted the two prior strike convictions in this case, it was an

---

[7] See also *People v. Smith* (2003) 110 Cal.App.4th 1072, 1082–1083 [1 Cal.Rptr.3d 901] (dis. opn. of Johnson, J.); *People v. Ortega* (2000) 84 Cal.App.4th 659, 666–669 [101 Cal.Rptr.2d 253] (request to strike current offense that was stayed under section 654, invoking *Benson*).

abuse of discretion to fail to strike one of those convictions in furtherance of justice under *Romero, supra,* 13 Cal.4th 497 and section 1385.

The matter is remanded for resentencing. The trial court is directed to strike one of the prior strike convictions and to resentence appellant under the second strike provisions of the three strikes law.

### DISPOSITION

The sentence is vacated and the matter is remanded with directions to the trial court to strike one of the two prior strike convictions and for resentencing in accordance with the views expressed herein.

Boren, P. J., and Nott, J., concurred.