FILED

DEC 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRACY MAXXIZZINE JONES,<br><br>             Petitioner - Appellant,<br><br>   v.<br><br>GLORIA A. HENRY; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>             Respondents - Appellees. | No. 09-15550<br><br>D.C. No. 2:05-cv-01067-GEB-GGH<br><br><br>MEMORANDUM[*] |
| TRACY MAXXIZZINE JONES,<br><br>             Petitioner - Appellee,<br><br>   v.<br><br>GLORIA A. HENRY; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>             Respondents - Appellants. | No. 09-16120<br><br>D.C. No. 2:05-cv-01067-GEB-GGH |

Appeal from the United States District Court
for the Eastern District of California

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Garland E. Burrell, District Judge, Presiding

Argued and Submitted September 1, 2010
San Francisco, California

Before: B. FLETCHER, TALLMAN, and RAWLINSON, Circuit Judges.

In 1996, Tracy Maxxizzine Jones pleaded no contest in California Superior Court to an assault offense that can be sentenced as a felony or a misdemeanor. The sentencing judge treated the offense as a felony, and because Jones had two prior qualifying felonies, she received twenty-five years to life in prison under California's "three strikes" law. Following a number of collateral challenges to her sentence in state court, Jones filed a federal habeas petition in May 2005, raising several claims of ineffective assistance of counsel. The State of California moved to dismiss Jones's amended petition on grounds of untimeliness. The district court denied the motion and granted habeas relief on the basis of Jones's claim of ineffective assistance of appellate counsel. The court, however, denied habeas relief on the basis of Jones's claim of ineffective assistance of trial counsel. The State appeals the district court's rulings on timeliness and ineffective assistance of appellate counsel, and Jones appeals the court's ruling on ineffective assistance of trial counsel. We address each claim in turn. As the facts and procedure are known to the parties, we do not discuss them in detail.

**1.** **Timeliness** — Pursuant to 28 U.S.C. § 2244(d)(1)(A), the relevant one-year limitation period begins to run when a criminal "judgment [becomes] final by the conclusion of direct review or the expiration of the time for seeking such review." Where the facts underlying a request for equitable tolling of AEDPA's limitations period are undisputed, we review the statute-of-limitations question de novo. *See, e.g.*, *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010).

In July 2001 the California Court of Appeal, on collateral review, remanded Jones's case to the superior court to exercise its discretion to strike one or both of Jones's prior felony convictions. On March 14, 2002, the superior court declined to strike either prior conviction. The dispositive question here is whether the remand "reopened" the direct review of Jones's sentence, postponing the finality of her conviction for AEDPA purposes.

The Supreme Court's decision in *Jimenez v. Quarterman*, 555 U.S. 113 (2009), squarely controls. The Supreme Court held that an order from the Texas Court of Criminal Appeals allowing Jimenez to file an out-of-time appeal reopened direct review of his conviction, changing the date at which his conviction became final for AEDPA purposes. *Id.* at 120. As in *Jimenez*, here the remand to the superior court "restore[d] the pendency" of Jones's case and made her sentence "again capable of modification through direct appeal to the state courts and to [the

Supreme Court] on certiorari review." *Id.* (internal quotation marks and citation omitted). The post-remand proceeding in superior court was not a collateral proceeding; Jones had no habeas petition pending in the superior court at that time, and the transcript of the hearing bears the docket number of Jones's original criminal case. Rather, the proceeding was a continuation of the underlying criminal prosecution, and the superior court's refusal to strike either of Jones's priors constituted a sentence that could be appealed. Indeed, California courts have recognized that a defendant may appeal a superior court's decision on remand not to strike priors. *See, e.g.*, *People v. Burgos*, 12 Cal. Rptr. 3d 566, 570 n.4 (Ct. App. 2004). We therefore agree with the district court that Jones's criminal judgment became final on May 13, 2002.

Of course, without equitable tolling, Jones's petition would still have been untimely, as it was filed on May 31, 2005.[1] In *Holland v. Florida*, the Supreme Court decided that AEDPA's one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and

---

[1] We agree with the district court's conclusion that Jones's habeas petition was not "properly filed" in the California Supreme Court on March 12, 2003, and thus its pendency between that date and June 6, 2004 did not qualify for statutory tolling under 28 U.S.C. § 2244(d)(2).

prevented timely filing." 130 S. Ct. 2549, 2562 (2010) (internal quotation marks and citation omitted). Here, Jones's third lawyer, Richard Dangler,[2] misled Jones into believing that he was appealing her sentence and that her rights were being pursued; failed to file an appeal, let alone a timely one; filed an untimely and improper collateral challenge in the California Supreme Court; falsely led Jones to believe that this challenge tolled AEDPA's statute of limitations; and failed to promptly send Jones the documents that she requested to prepare her federal habeas petition immediately after her state habeas petition was denied.[3] This was more than just "a garden variety claim of excusable neglect." *Id.* at 2564 (citation and quotation marks omitted); *see also, e.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003) (holding that a similar combination of misconduct was "sufficiently egregious to justify equitable tolling"). Indeed, the California Court of Appeal later found that Dangler "systematically misl[ed] his clients and abus[ed] the writ process for pecuniary gain." *In re White*, 18 Cal. Rptr. 3d at 451. Jones diligently pursued her rights despite extraordinary circumstances created by a lawyer who

---

[2] Dangler resigned his law license on September 3, 2004, while facing disciplinary charges. *See* In re White, 18 Cal. Rptr. 3d 444, 449 (Ct. App. 2004).

[3] Jones also diligently sought to obtain the necessary files from the superior court.

was grossly negligent and intentionally deceptive. Jones is therefore entitled to equitable tolling making her May 31, 2005 federal habeas petition timely.

2. **Ineffective Assistance of Appellate Counsel** — The district court granted Jones habeas relief on the basis of ineffective assistance of appellate counsel. In reaching its decision, the district court "looked through" the California Supreme Court's summary denial of Jones's claims and found that the last reasoned opinion addressing those claims dismissed them on procedural grounds of untimeliness. Concluding that no state court had addressed the merits of Jones's claims, the district court applied de novo review.

While Jones's appeal to this court was pending, the Supreme Court decided *Harrington v. Richter*, 131 S. Ct. 770 (2011). "In *Richter*, the Court held that summary denials of original petitions for habeas corpus filed in the Supreme Court of California should 'be presumed' to be 'adjudicated . . . on the merits.'" *Williams v. Cavazos*, 646 F.3d 626, 635 (9th Cir. 2011) (quoting *Richter*, 131 S.Ct. at 784–85). Here, the earlier petitions dismissed as untimely by the California Superior Court are not sufficient evidence to overcome this presumption. Those petitions were filed prior to when direct review of Jones's sentence was reopened in 2002; thus, whether those petitions were untimely has no bearing on whether

Jones's habeas petition in the California Supreme Court — filed after the new date of her conviction becoming final — was also dismissed as untimely.

Jones's claim of ineffective assistance of appellate counsel must therefore be reviewed under 28 U.S.C. § 2254(d)(1). Under § 2254(d)(1), federal habeas relief may not be granted unless the earlier state court decision "was contrary to" or "involved an unreasonable application" of federal law then clearly established by the Supreme Court. *Richter*, 131 S.Ct. at 785. Where the earlier state court has not provided reasons for its decision, we must "determine what arguments or theories . . . could have supported" the state court's decision and then ask "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* at 786.

We conclude that Jones's claim of ineffective assistance of appellate counsel meets this demanding standard. Frank Prantil, Jones's appellate counsel, failed to follow Jones's direction to file an appeal. It is clearly established that the failure to follow a client's request to file a notice of appeal is per se ineffective. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)). Where, as here, that failure actually causes the forfeiture of defendant's appeal, there is also per se prejudice. *Id.* at 483. Assuming, as required by *Richter*, that the California Supreme Court denied Jones's claim on its

merits, the only possible theory that could have supported that decision is the one advanced by the State here: that *Flores-Ortega* does not apply because the document that Prantil failed to file was not a "notice of appeal" but rather a statement of reasonable grounds for appeal required by California Penal Code § 1237.5.

This is a meaningless distinction. Under § 1237.5, a defendant who pleads either guilty or no contest in the trial court must initiate an appeal by filing a statement of reasonable grounds for appeal with the trial court; to make the appeal operative, the trial court then issues a certificate of probable cause for appeal unless the defendant's appeal is wholly frivolous. *In re Chavez*, 68 P.3d 347, 350–53 (Cal. 2003). The California Supreme Court has stated that although this type of appeal requires the use of a different form, "[i]n view of the substantial functional identity of these filings . . . an appeal initiated by the filing of a statement of reasonable grounds must be regarded as the equivalent of an appeal initiated by the filing of a notice of appeal." *Id.* at 353.[4] At the time Jones sought to appeal, former California Rule of Court 31(d) required that the statement of

---

[4] The California Supreme Court has also explained that "[w]hen a defendant makes a timely request of his trial attorney to file an appeal from a judgment upon a plea of guilty, the attorney must file the 1237.5 statement, instruct defendant how to file it, or secure other counsel for him." *People v. Ribero*, 480 P.2d 308, 315 (Cal. 1971).

reasonable grounds be "file[d] as an intended notice of appeal." *See, e.g.*, *id.* at 351. Moreover, the defendant in *Flores-Ortega* also sought to appeal from a guilty plea entered in California Superior Court. *Flores-Ortega*, 528 U.S. at 473–74. The State's briefing to the Supreme Court pointed out that California requires a statement of reasonable grounds for an appeal from a judgment following a guilty plea. *See* Brief for Petitioner, *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) (No. 98-1441), 1999 WL 451708, at *12. But the Supreme Court, while acknowledging former California Rule of Court 31(d), described this as a notice of appeal. *Flores-Ortega*, 528 U.S. at 474. No fairminded jurist would draw a distinction between a statement of reasonable grounds and a notice of appeal for the purposes of determining whether "counsel perform[ed] in a professionally unreasonable manner . . . by failing to follow the defendant's express instructions with respect to an appeal." *Id.* at 478. We therefore affirm the district court's decision to grant habeas relief with respect to ineffective assistance of appellate counsel.

**3.** **Ineffective Assistance of Trial Counsel** — After granting the writ, the district court denied the State's motion to stay its ruling. Jones was then granted a certificate of probable cause to pursue an appeal in the California courts. That appeal was filed but stayed pending the outcome of our decision. Because that appeal raises similar issues to Jones's cross-appeal here, however, the state

court should have the first opportunity to decide Jones's claims. We therefore remand Jones's cross-appeal and order the district court to stay and abate the proceedings pending the outcome of Jones's direct appeal in state court.

With respect to the State's appeal in No. 09-15550 the decision of the district court is AFFIRMED. Jones's cross-appeal in No. 09-16120 is REMANDED with instructions.

*Jones v. Henry*, Case Nos. 09-15550 and 09-16120
**Rawlinson, Circuit Judge, concurring in part:**

I agree that counsel for Petitioner Tracy Jones failed to perfect her appeal as requested. I also agree that counsel's failure to perfect the appeal was a sufficiently egregious dereliction to warrant equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *see also Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003). Accordingly, I concur in the affirmance of the district court's grant of habeas relief to Jones on her claim asserting ineffective assistance of appellate counsel.

Because of the unique procedural posture of this case, the issues raised in Jones's cross-claims are pending in the state court and are, therefore, unexhausted. *See King v. Ryan*, 564 F.3d 1133, 1138 (9th Cir. 2009). In that circumstance, I think it more appropriate to remand the case to the district court to exercise its discretion regarding whether to stay the habeas petition pending exhaustion. *See id*. at 1139 (describing the procedure to be used by *district courts*).

In sum, I concur in the affirmance of the district court's grant of habeas relief to Jones. I would remand the case to the district court for a determination of whether to stay the federal proceedings pending exhaustion of Jones's cross-claims in state court.