Filed 6/19/13  P. v. Diaz CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANGEL AYALA DIAZ,<br><br>Defendant and Appellant. | F064787<br><br>(Super. Ct. No. 11CM2175)<br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Donna L. Tarter, Judge.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, William K. Kim and Kathleen A. McKenna, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*       Before Cornell, Acting P.J., Kane, J. and Poochigian, J.

Defendant and appellant Angel Ayala Diaz contends the trial court abused its discretion in failing to strike, for sentencing purposes, one of his prior convictions for a serious or violent felony. He contends his two prior offenses arose from the same act. That fact is not demonstrated by the present record. Accordingly, in affirming the judgment against appellant, we are not required to, and do not, reach the legal theory defendant asserts.

## FACTS AND PROCEDURAL HISTORY

Defendant testified he was in prison for other offenses and then was released on parole. Shortly after his release, parole officers searched defendant's house and discovered a weapon (described in his brief as a short-barrel shotgun). Defendant was arrested and jailed. Defendant pled to two strike felonies on March 9, 2011: "I didn't even know I was going to take two strikes until I found out my dad was dying. I threw two strikes at them to let me go home to see my dad," defendant testified in the present case. He was released from custody and told to report for sentencing on April 8, 2011. On that day, he was sentenced to an operative term of three years, four months, on the two strikes, composed of the lower term (16 months) on count 1 (Pen. Code, § 12020, subd. (a)(1)) together with a two year gang enhancement under Penal Code section 186.22, subdivision (b)(1)(A), and a concurrent lower term of 16 months on count 3 (Pen. Code, § 186.22, subd. (a)). Defendant was remanded to custody, where it was determined that he had secreted three bindles in his rectum. Two of the bindles contained marijuana and methamphetamine. Defendant was charged by information with one count of bringing a controlled substance into a jail, a violation of Penal Code section 4573. The information alleged two prior prison term enhancements (Pen. Code, § 667.5, subd. (b)) based on 2005 and 2007 convictions, a gang enhancement pursuant to Penal Code section 186.22, subdivision (b)(1), and, most significantly for this appeal, two strikes pursuant to Penal Code sections 667, subdivisions (b) through (i), and 1170.12,

2.

subdivisions (a) through (d). A jury found defendant guilty of the substantive charge and found true the enhancement and special allegations.

At the sentencing hearing in the present case, defense counsel asked the court to exercise is discretion under Penal Code section 1385 to strike one of defendant's strikes for purposes of sentencing. (See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530 (*Romero*).) Counsel stated: "[I]f I understand my client correctly, he understands the history of that consecutive, although it's legally two convictions, it's essentially one crime that led to" the two strikes. Counsel also contended as further mitigation that defendant's act of smuggling the contraband into prison was done in fear of retaliation from gang members if he failed to comply with their smuggling directive. The court denied the request to strike one of the strikes. The court found defendant had been engaged in serious criminal activity since he was 12 years old, that he admitted the "two strikes involving criminal street gangs, and before he could even make it to prison for these offenses, he committed the instant offense of smuggling drugs into jail for the benefit of a gang." The court concluded its remarks, as follows: "Again, the Court recognizes its discretion to strike the strike conviction; however, because of the defendant's prior violent criminal conduct and his reluctance to change his gang lifestyle the Court will not be exercising its discretion." The court sentenced defendant to a term of 25 years to life, consecutive to three years on the gang enhancement and two years on the prior prison term enhancements.

## DISCUSSION

In exercising its discretion under *Romero, supra,* 13 Cal.4th at pages 529 through 530, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the ['Three Strikes'] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent

3.

felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) The trial court clearly considered the enumerated factors and reasonably concluded defendant could not be deemed outside the "spirit" of the Three Strikes law. Defendant does not contend otherwise.

Defendant does contend, however, that there is a special instance in which the trial court is *compelled* to exercise its discretion in favor of striking a strike for sentencing purposes: because "both convictions arose out of the same criminal act, [defendant] should have been sentenced as though he had only been previously convicted of one serious felony." He asserts this rule is mandated by *People v. Burgos* (2004) 117 Cal.App.4th 1209, although he recognizes that another court reached the opposite result in *People v. Scott* (2009) 179 Cal.App.4th 920, 923. The analysis in *Scott* is significantly more compelling than that in *Burgos*. In addition, we agree with *Scott* that *Burgos* does not squarely hold (even though at one point it uses that language (see *People v. Burgos, supra,* 117 Cal.App.4th at p. 1214)) that two convictions arising from the same criminal act must result in only one strike for future sentencing purposes. (See *People v. Scott, supra,* 179 Cal.App.4th at pp. 929-931.)

In any event, we are not required in the present case to resolve the issue presented in *Burgos* and *Scott* because the record does not establish that defendant's strike convictions for carrying a concealed weapon and active participation in a gang were based on the same, single act. In particular, it is significant that the earlier sentencing court did not stay the sentence on either count, as it would have been required to do if the two crimes arose from the same act. (Pen. Code, § 654.) While defense counsel asserted at sentencing in the present case that defendant told him the strikes were based on only one crime, counsel did not take the further step of introducing the change of plea or sentencing transcript from the earlier case, which could clearly have established whether there was but one underlying crime. In the absence of a clear record, we decline to speculate on the underlying criminal conduct that supported the two strike convictions.

4.

Accordingly, even if the rule in *People v. Burgos, supra,* 117 Cal.App.4th at page 1214, were the correct rule when two strikes arise from a single criminal act, defendant here has not established the presence of facts that would support application of that rule to his case.

## DISPOSITION

The judgment is affirmed.