Filed 1/15/14  P. v. Welch CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059376 |
| v. | (Super.Ct.No. FVA03949) |
| ALBERT ALEXANDER WELCH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Affirmed.

David K. Rankin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant Albert Welch appeals from the superior court's order denying his petition for recall of sentence under Penal Code section 1170.126.[1]  As discussed below, we affirm the judgment.

In 1995, defendant was convicted of second degree robbery (§ 211), with an enhancement for being armed with a firearm under section 12022, subdivision (a)(1). Defendant received a sentence of one year for the enhancement plus 25 years to life under the Three Strikes Law.

On May 30, 2013, defendant filed a letter with the superior court asking for the court's guidance or assistance in determining whether he qualified for resentencing under Proposition 36.

The record on appeal contains a minute order for August 1, 2013.  The minute order states that "The Court has read and considered Petition for Recall of Sentence pursuant to PC1170.126.  Defendant's current commitment offense is for robbery PC211 a serious felony.  Defendant is therefore ineligible for resentencing under 1170.126."

## DISCUSSION

Defendant timely appealed from the trial court's denial of resentencing and, upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

The only arguable issue presented by defendant's counsel was whether the trial court erred by denying defendant's petition for resentencing pursuant to section 1170.126.

Robbery is a serious felony. (§§ 667.5, subd. (c)(9), 1192.7, subd. (c)(19).) Accordingly, defendant is not eligible for resentencing pursuant to section 1170.126, subdivision (e)(2).

We offered defendant an opportunity to file a personal supplemental brief. On December 11, 2013, this Court filed a hand-written letter from defendant stating his understanding that "I do not meet the criteria for Prop. 36." Defendant then asked this Court to review his 1995 conviction under *People v. Burgos* (2004) 117 Cal.App.4th 1209, 1216-1217, to determine whether the trial court erred when it refused to dismiss one of his prior strike convictions pursuant to section 1385. Defendant has already had a full review of his 1995 conviction, which this Court affirmed in full in Opinion Number E017233, filed April 17, 1997.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:
HOLLENHORST
J.
McKINSTER
J.

3