[No. B230471. Second Dist., Div. Six. Apr. 3, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
HARLEY PAUL FINNEY, Defendant and Appellant.

## COUNSEL

John Derrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Linda C. Johnson and Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**YEGAN, J.**—Harley Paul Finney apparently was not paying attention when, in 1999, a judge expressly warned him that he was a "two striker." This time, he was convicted by a jury of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)).[1] with findings that he personally used a deadly weapon and inflicted great bodily injury on the victim (§§ 12022, subd. (b), 12022.7). In a bifurcated trial, the trial court found that appellant had suffered two strike priors (§§ 667, subds. (d)–(e), 1170.12, subds. (b)–(c)) and a prior prison term (§ 667.5, subd. (b)). Appellant was sentenced to state prison as a "three striker" to a term of 29 years to life. He appeals, contending that his two prior strike convictions should only count as one strike (see *People v. Burgos* (2004) 117 Cal.App.4th 1209 [12 Cal.Rptr.3d 566]). He also contends that the trial court erred in not dismissing one or both of the prior strikes (see *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]). We will affirm the judgment.

### Facts and Procedural History

On the evening of July 20, 2010, appellant, armed with a knife, stabbed Chad Robinson more than 10 times. Robinson almost died as a result of this attack. Appellant said he was "send[ing] a message" to Robinson's friends, Luke Ledger and Michael Downs (also known as Shy Boy). Earlier that day, appellant's friend, Josh, fought Luke Ledger in Mission Plaza in San Luis Obispo. Appellant tried to join the fray but was stopped by Robinson, who choked appellant unconscious.

Robinson identified appellant in a photo lineup. He also identified appellant as the stabber at the preliminary hearing but, fearing retaliation, recanted at trial.

Appellant presented an alibi defense. Stacy Schmidt, a former girlfriend, claimed that she spent the evening with appellant and Matthew Pillers. On cross-examination, Schmidt admitted that she was clocked in at work in Salinas at the time of the attack on Robinson.

The jury was unable to reach a unanimous verdict on the attempted murder charge but returned a guilty verdict for assault with a finding that appellant personally used a deadly weapon and inflicted great bodily injury on the victim.

At the trial on the prior strike allegations the People proved that appellant was "convicted" as a juvenile for mayhem and an assault committed on a

---

[1] All unspecified statutory references are to the Penal Code.

60-year-old homeless man. Appellant beat the victim with a skateboard and, erroneously thinking that he had killed the victim, fled. He returned 30 minutes later and kicked the victim in the head three times. When the pleas were entered in 1999, appellant acknowledged that the "convictions" qualified as two strikes. The juvenile court committed appellant to the California Youth Authority (CYA) and expressly warned appellant as follows: "I want you to understand today when you leave court, . . . that this will constitute two strikes."

### Burgos *Motion*

Appellant contends that the trial court erred in denying his *"Burgos* motion" (*People v. Burgos, supra,* 117 Cal.App.4th 1209) to treat the strike allegations as a single strike because the strike priors arose from a single criminal act. In *People v. Benson* (1998) 18 Cal.4th 24, 36 [74 Cal.Rptr.2d 294, 954 P.2d 557], our Supreme Court held that a serious felony conviction constitutes a "strike" even if the sentence is stayed pursuant to section 654. In a footnote, the court stated: "[W]e need not and do not determine whether there are some circumstances in which two prior felony convictions are so closely connected—for example, when multiple convictions arise out of a single act by the defendant as distinguished from multiple acts committed in an indivisible course of conduct—that a trial court would abuse its discretion under section 1385 if it failed to strike one of the priors." (*Benson,* at p. 36, fn. 8.)

In *People v. Burgos, supra,* 117 Cal.App.4th 1209, the defendant was convicted of robbery and aggravated assault and sentenced as a three striker after he admitted suffering prior convictions for attempted carjacking and attempted robbery. (*Id.,* at p. 1211.) Relying on *Benson,* the *Burgos* court concluded that the trial court erred in declining to strike one of the prior convictions. (*Id.,* at p. 1214.) "[A]ppellant's two prior convictions, attempted carjacking and attempted robbery, were, in the language of *Benson,* 'so closely connected,' having arisen from the same single act, that failure to strike one of them must be deemed an abuse of discretion." (*Id.,* at p. 1216.) Critical to the court's analysis was the carjacking statute (§ 215, subd. (c)) which "permits the prosecution to charge a defendant with both carjacking and robbery under section 211, but expressly states that 'no defendant may be punished under this section and Section 211 for the same act which constitutes a violation of both this section and Section 211.' " (117 Cal.App.4th at p. 1216.)

Relying on *Burgos,* appellant argues that his 1999 "convictions" for mayhem and assault arose from the same criminal act and constitute a single strike. The trial court rejected the argument for good reason. Based on the

1999 police interview, appellant admitted beating the victim and leaving him for dead. He fled but returned 30 minutes later and kicked the victim in the head three times. Distinguishing *Burgos*, the trial court factually found that "the time difference there between the initial assault and the later assault is . . . a clear enough break and . . . two separate incidents . . . . I think it can clearly be viewed as two strikes under California's Three Strikes law."

We agree with the trial court's well-reasoned analysis. *Burgos* is factually distinguishable. Here the two attacks/crimes were separated in time and did not constitute a single act or even a continuous course of conduct. Sitting as the trier of fact, the trial court factually found that the priors were "separate." It was not required to make a contrary finding based upon a perceived ambiguity in the accusatory pleading. (See *People v. Johnson* (1992) 3 Cal.4th 1183, 1242 [14 Cal.Rptr.2d 702, 842 P.2d 1]; *People v. Williams* (1996) 50 Cal.App.4th 1405, 1412 [58 Cal.Rptr.2d 517].)

In *People v. Scott* (2009) 179 Cal.App.4th 920 [101 Cal.Rptr.3d 875] (*Scott*) the Third District Court of Appeal disagreed with *Burgos* which "seems to hold that because Burgos's convictions stemmed from the *same act*, one strike *had to be stricken* . . . ." (*Id.*, at p. 929.) The *Scott* court concluded that the proximity of the prior convictions and whether they arise from a single act are sentencing factors that a trial court weighs in exercising its discretion to strike a prior conviction. (*Id.*, at pp. 930–931.)

█ We need not and do not enter the *Burgos/Scott* debate. Here there was no "same act," "single act" or even a "continuous course of conduct." Erroneously thinking the victim was dead appellant discontinued the skateboard attack and fled. He then elected to and did return 30 minutes later and saw the victim was alive. Then, he kicked the victim in the head three times. Appellant has not demonstrated, as a matter of law, that the trial court's well-reasoned analysis is erroneous.

### Romero *Motion*

█ Appellant contends that the trial court abused its discretion in denying his motion to strike one or both of the prior strike convictions. (*People v. Superior Court (Romero)*, *supra*, 13 Cal.4th 497) In ruling on a *Romero* motion, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161 [69 Cal.Rptr.2d 917, 948 P.2d 429].)

The trial court considered appellant's extensive criminal record which dates back to 1995 when appellant was charged with violating Penal Code section 496 (receiving stolen property) and placed out of county as a dependent of the juvenile court (Welf. & Inst. Code, § 300). In 1998 appellant pushed a homeless man down, and kicked and robbed him at knifepoint. Two weeks later, on October 26, 1998, appellant beat another homeless man with a skateboard. As indicated, appellant left the victim for dead, returned 30 minutes later, and kicked him three times in the head (the two strikes). The victim suffered a compound skull fracture, a sinus fracture, and significant loss of vision in one eye. As a result of these 1998 offenses appellant was committed to CYA.

In 2004, appellant assaulted a CYA staff member, was convicted of violation of section 4501.5, and committed to state prison for two years. Appellant told a probation officer that he was involved in nine fights during the seven years he was at CYA.

At the sentencing hearing, appellant claimed that his prior offenses were remote in time, that he was provoked by the victims, and that drugs and a chaotic homelife caused him to overact. The trial court rejected these arguments for good cause. The probation report stated that appellant had no remorse and has "honed his hatred and found new outlets for his rage and self aggrandizement—continuing his pattern of intimidation and violence against those who are the most helpless. He has demonstrated himself to be a dangerous presence in the community, representing the gravest of threats. His need to empower and vindicate himself through these senselessly cruel and vicious attacks seems to [be] part of his mode of being, and perhaps pathologically ingrained."

The trial court found that appellant's current offense and violent criminal record was a serious matter. "I've been doing this about 30 years now. Unfortunately, I've seen more than my fair share of crimes of extreme violence, and this is certainly one of the most violent cases I've ever seen." The trial court considered all the relevant factors including the nature and circumstances of appellant's past and present offenses, and appellant's background, character, and prospects. (*People v. Williams, supra,* 17 Cal.4th at p. 161; see *People v. Cluff* (2001) 87 Cal.App.4th 991, 1004 [105 Cal.Rptr.2d 80] [sentencing court should consider factors in aggravation and mitigation in ruling on motion to strike prior].) The trial court found no mitigating factors and several factors in aggravation: "The crime involved great violence, great bodily harm, threat of great bodily harm, acts dis[cl]osing a high degree of cruelty, viciousness or callousness. I do believe Mr. Robinson was particularly vulnerable on a dark street with no one else present" when appellant assaulted him. The court found that appellant "has engaged in violent conduct

in the past which indicates a serious danger to society[, and] his prior conviction[s] as an adult or petitions in juvenile court are numerous or of increasing seriousness."

Based on appellant's violent criminal record and failed attempts on probation and parole, the trial court reasonably concluded it should not grant the *Romero* motion. Once a career criminal commits the requisite number of strikes, the circumstance must be "extraordinary" before he can be deemed to fall outside the spirit of the three strikes law. (*People v. Carmony* (2004) 33 Cal.4th 367, 377–378 [14 Cal.Rptr.3d 880, 92 P.3d 369].) Appellant makes no showing that the trial court abused its discretion in denying the *Romero* motion. (*Id.*, at p. 377; *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977–978 [60 Cal.Rptr.2d 93, 928 P.2d 1171].) He was expressly warned over a decade ago that he was a "two striker." This fell upon deaf ears. It seems to us obvious that appellant has committed himself to violence as a way of life. By any standard of review, he comes within the letter and spirit of the three strikes law.

The judgment is affirmed.

Gilbert, P. J., and Coffee, J.,[*] concurred.

A petition for a rehearing was denied April 18, 2012, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied June 27, 2012, S202534.

---

[*]Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.