Filed 4/12/16  P. v. Hubbard CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT WILLIAM HUBBARD,<br><br>    Defendant and Appellant. | B261546<br><br>(Los Angeles County<br>Super. Ct. No. TA130667) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Ricardo R. Ocampo, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel and William N. Frank, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

Robert W. Hubbard plead no contest to inflicting corporal injury upon his live-in girlfriend, admitted a prior strike conviction, and was sentenced to an aggregate term of 11 years in state prison. He contends the trial court erred in failing to dismiss the prior strike pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Shareka S. and Hubbard lived together for about two years. On July 5, 2013, the two were arguing about ending their relationship while sitting in a car on Central Avenue in Los Angeles. Hubbard got out of the car and hit Shareka S. numerous times in the face with a cane. Shareka S. did not recall how many times she was hit, but at some point she lost consciousness. When she awoke, she found she had urinated and defecated on herself. She suffered a broken tooth and had severe bruises on her eye.

Hubbard was charged with corporal injury to a cohabitant. (Pen. Code, § 273.5.)[2] It was further alleged that he used a dangerous weapon and inflicted great bodily injury in the commission of the offense. (§§ 12022, subd. (b)(1); 12022.7, subd. (e).) It was further alleged he suffered a prior conviction for robbery in 2001, a strike. (§§ 667, subds. (b)-(i), 1170.12 subds. (a)-(d).) It was also alleged the same prior was a serious felony. (§ 667 subd. (a)(1).) Three prior convictions were charged as prior prison terms (§ 667.5, subd. (b)), and it was alleged Hubbard was required to serve his sentence in state prison because he was a registered a sex offender. (§ 1170 subd. (h)(3).)

Hubbard plead no contest to inflicting corporal injury (§ 273.5, subd. (a)) and admitted he used a deadly weapon (§ 12022, subd. (b)(1)) and inflicted great bodily injury (§ 12022.7, subd. (e)) while doing so. He also admitted he was previously convicted of robbery, as a strike conviction and as a prior serious felony. Thereafter, the trial court permitted Hubbard to withdraw his plea to the prior conviction as a serious

---

[1]    Because Hubbard plead guilty, the facts are taken from the preliminary hearing. In addition, the facts are abbreviated given that his only contention is that the trial court improperly denied his *Romero* motion.

[2]    All further section references are to the Penal Code.

felony and the prosecution dismissed it.  Hubbard was sentenced to an aggregate term of 11 years in state prison, comprised as follows:  for the corporal injury conviction, the middle term of three years, doubled because of the strike, plus an additional and consecutive term of four years for the great bodily injury allegation and one year for the use of a deadly weapon.  The court struck all three of the prior prison term allegations.

Hubbard timely appealed.

## DISCUSSION

Hubbard contends the trial court improperly denied his *Romero* motion. We disagree.

"In ruling on a *Romero* motion, the trial court 'must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.'" (*People v. Finney* (2012) 204 Cal.App.4th 1034, 1038, quoting *People v. Williams* (1998) 17 Cal.4th 148, 161.)  "The court's ruling on a motion to strike is subject to a deferential abuse of discretion standard of review.  [Citation.]  A 'trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances.  For example, an abuse of discretion occurs where the trial court was not "aware of its discretion" to dismiss [citation], or where the court considered impermissible factors in declining to dismiss.'  [Citation.]  The burden is on the party challenging the sentence to clearly show the sentence was irrational or arbitrary. [Citation.]  Further, a sentence will not be reversed merely because reasonable people might disagree.  '"An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge."'  [Citation.]" (*People v. Leavel* (2012) 203 Cal.App.4th 823, 837.)

Applying these principles, we find no abuse of discretion.  Here, the attorneys filed motions on the issue, and the court listened to both counsel's argument.  In denying the motion, the court stated:

3

"In this case I do agree with the People that the [criminal] history's extensive. The times that he is, we'll say, crime free and although the court has considered the fact that two of those are based on misdemeanor convictions now and not felony based on Prop. 47, they are still criminal behavior. Whether it be misdemeanor behavior or felony behavior, the court has considered the gaps that he does have from being crime free, is based on him being incarcerated.

"The court notes that his history as pointed out by Mr. Thompson, that this is as far back as 1994, 1996 with juvenile issues; but more so contacts – not contacts, but the convictions and crimes based on 1998 with a 245, narcotics issues in 2000, and 211 – 211's been the continued pattern since when he was not incarcerated by either narcotics issues, 459 or ex-con with a gun, and that as recent as 2012.

"And so the court shows that although the[re] are gaps, the gaps are because he was incarcerated and not free to commit more crime. So the court does not believe that this will be the candidate to exercise its discretion under *Romero* and, therefore, the motion to strike the prior is denied at this time."

The record supports the trial court's conclusion. The probation report indicates Hubbard has a lengthy criminal history. In 1998, he was found to have committed battery with great bodily injury as a juvenile and was sentenced to four years in camp community placement. In 2000, Hubbard was convicted of possession of marijuana for sale and possession of a knife on school grounds. After being placed on probation in that case, he violated his probation. In October of 2000, he was convicted of second degree robbery and sentenced to five years in state prison. When out of prison on parole for the robbery, Hubbard was convicted of possession of cocaine and sentenced to two more years in state prison. In 2008, he was returned to state prison for a parole violation. In 2009, he was convicted of receiving stolen property and sentenced to three years in state prison. Thereafter, in 2012, he was convicted of driving on a suspended license and being a felon in possession of a firearm. The probation report indicates Hubbard was found with two loaded handguns and a loaded rifle wrapped in cloth in a duffle bag.

4

In addition to the violent behavior underlying his present conviction, there is evidence of nine incidents of uncharged domestic abuse of Shareka S. which were detailed by the prosecutor in his sentencing memorandum. This pattern of criminal activity fully supports the trial court's decision to deny the *Romero* motion.

Contrary to Hubbard's contention, the trial court considered his background, character and prospects. The trial court indicated it read and considered Hubbard's statement in mitigation and his response to the prosecutor's sentencing memorandum. Further, Hubbard's attempt to portray himself as having had 13 years of crime free behavior is misleading, given that he spent most of that time in prison. As stated by the prosecutor, Hubbard "has been in and out of prison since 2001, and has not spent more than 18 months after release without re-offending and being sent back to custody." We simply see no error in denying the motion to strike; Hubbard falls well within the spirit of the Three Strikes law.

## DISPOSITION

The judgment is affirmed.

BIGELOW, P.J.

We concur:

RUBIN, J.

FLIER, J.

5