Filed 11/16/20  P. v. Reed CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CORY REED,<br><br>    Defendant and Appellant. | 2d Crim. No. B299470<br>(Super. Ct. No. 17F-11439)<br>(San Luis Obispo County) |

Cory Reed pled no contest to second degree burglary (Pen. Code,[1] §§ 459, 460, subd. (b)), and admitted that he had suffered a prior "strike" conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).  The trial court sentenced him to six years in state prison.  Reed contends the court erred when it denied his motion to dismiss the prior strike.  (See *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529-532 (*Romero*).)  We disagree, and affirm.

---

[1] Further statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL HISTORY

Reed entered the unlocked community room of an apartment complex and took a coffee maker, toilet paper, and some cleaning supplies. He then tried to open two locked closet doors. After gaining access, he took some items from the closets and left in a minivan.

Prosecutors charged Reed with two counts of second degree burglary. They also alleged that he had suffered a prior strike conviction for a burglary committed in 1996.

Reed pled no contest to one of the burglary charges and admitted the prior strike allegation in exchange for a three-year state prison sentence. The trial court released him subject to a *Cruz*[2] waiver, and ordered him to return for sentencing. It admonished Reed:

> "The agreement in this case is [that] you are going to receive what's called a *Cruz* waiver[.] [T]hat is, you [will] be released and [will] be subject to search terms and testing terms and will be ordered to return on a certain date. If during that time you pick[] up any new law violation or you fail[] to appear on the date I give you for sentencing, the current agreement you have for three years . . . [will] be off the table, and you could be sentenced to six years in the state prison . . . ."

Reed told the court that he understood the terms of the agreement. The court reiterated: "If you violate any of those terms, you will be sentenced to six years in state prison. Do you understand that?" Reed again said that he did.

---

[2] *People v. Cruz* (1988) 44 Cal.3d 1247, 1250-1254.

Reed appeared for sentencing on the agreed-upon date, but requested a continuance. The trial court granted Reed's request, and reminded him that if he failed to appear he could be sentenced to six years in state prison. Reed said that he understood.

Reed again appeared for sentencing on the agreed-upon date, and again requested a continuance. The trial court granted Reed's request, and released him on the same terms. When he subsequently failed to appear for the continued hearing, the court issued a bench warrant for his arrest. He was arrested six months later.

After his arrest, Reed moved to withdraw his no contest plea, claiming his attorney did not advise him of his ability to file a *Romero* motion. Had he been advised about such a motion, he alleged, he would not have entered his plea. The trial court said that Reed could file a *Romero* motion at any time, and denied his motion to withdraw his plea.

Reed filed a *Romero* motion. In support of his motion, Reed claimed that he had a difficult childhood and long history of substance abuse. But he had been drug-free for one year, and had been "actively participating in" substance abuse treatment. He explained that he was homeless when he burglarized the apartment complex, and only did so to provide for his family.

At a hearing on Reed's motion, the trial court said that its understanding of the agreed-upon disposition was that Reed pled no contest to one of the burglary charges and admitted the prior strike allegation in exchange for dismissal of the second burglary charge and a *Cruz* waiver. If he did not violate the terms of the waiver, he could withdraw his admission to the

3

strike.  If he did violate the waiver, however, he would be sentenced to six years in state prison.

Counsel agreed with the trial court's understanding of the disposition, but argued the court could "undo" the six-year sentence if it deemed it unfair.  The court replied that there were several factors that supported a six-year prison sentence:  Reed had absconded for a significant period of time; his burglary involved planning, sophistication, or professionalism; he was on probation at the time of his offense; and his prior performance on probation or parole was unsatisfactory.  Moreover, he had numerous prior convictions for which he served time in prison (the 1996 burglary and five subsequent prison terms) or county jail (eight terms, including seven after the 1996 burglary).  But the only factor in mitigation was that Reed admitted wrongdoing at an early stage of the proceedings.  The court concluded that six years in prison was not unfair.  It denied Reed's *Romero* motion, and imposed that sentence.

DISCUSSION

Reed contends the trial court erred when it declined to strike his prior strike conviction.  We disagree.

"'The Three Strikes initiative . . . was intended to restrict courts' discretion in sentencing repeat offenders.' [Citation.]"  (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*), alterations omitted.)  "To achieve this end, 'the Three Strikes law does not offer a discretionary sentencing choice . . . but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "concludes that an exception to the scheme should be made because . . . [the] defendant should be treated as though [they] actually fell outside the Three Strikes

4

scheme.'" [Citation.]" (*Ibid.*, alterations omitted.) Courts must follow "stringent standards . . . to find such an exception," including consideration of the "nature and circumstances of [the] present felon[y] and prior serious and/or violent felony convictions" and "the particulars of [the defendant's] background, character, and prospects." (*Ibid.*)

We review a trial court's denial of a *Romero* motion for abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at p. 374.) We will find such an abuse only "in limited circumstances": e.g., if the court "was not 'aware of its discretion' to dismiss" a prior strike, or if it "considered impermissible factors" in declining to do so. (*Id.* at p. 378.) It is "'not enough to show that reasonable people might disagree about whether to strike one or more' prior conviction allegations." (*Ibid.*) So long as the "'record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we [will] affirm [its] ruling, even if we might have ruled differently in the first instance' [citation]." (*Ibid.*)

The record here shows that the trial court understood its discretion and balanced the relevant facts when it denied Reed's *Romero* motion. Reed's burglary involved planning and sophistication. He committed it while on probation. He has a long history of criminality, and has been in and out of custody for much of the past 25 years. These factors support the trial court's determination that Reed did not fall outside the Three Strikes sentencing scheme. (See e.g., *People v. Finney* (2012) 204 Cal.App.4th 1034, 1040 [proper to deny *Romero* motion where defendant had long criminal record and performed poorly on probation]; *People v. Strong* (2001) 87 Cal.App.4th 328, 331-332

5

[offender with "lengthy criminal career" subject to Three Strikes sentencing].)

Reed counters that his strike was more than 20 years old when he committed his current burglary. But he "has not led a 'legally blameless life' since" that conviction. (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.) To the contrary, he was in custody 12 different times after his strike conviction.

Reed also claims that the current burglary "was a property crime that involved no violence." But our Supreme Court has explained that "unauthorized entries . . . present an increased danger of violence because the entry is unwelcome, unexpected, and results in panic and risk to personal safety." (*People v. Jimenez* (2020) 9 Cal.5th 53, 65.) That no resident of the apartment complex walked in on Reed during his burglary was more fortuitous than mitigating. The trial court did not abuse its discretion in denying his *Romero* motion.

DISPOSITION

The trial court's order denying Reed's *Romero* motion, entered May 23, 2019, is affirmed.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

6

Dodie A. Harman, Judge

Superior Court County of San Luis Obispo

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.