Filed 10/7/25  P. v. Rodriguez CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B337890 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA143381) |
| v. | |
| ANTHONY LAWRENCE RODRIGUEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Debra Cole-Hall, Judge.  Affirmed.

Steven M. Vasil, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kristen Inberg and Taylor Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Anthony Lawrence Rodriguez appeals from a judgment after a jury found him guilty of first degree murder, attempted deliberate and premeditated murder, possession of a firearm by a felon, and shooting at an inhabited dwelling. The trial court sentenced him as a second strike offender to a total prison term of 89 years to life under the "Three Strikes" law. Rodriguez does not challenge his convictions; instead, he challenges his sentencing, contending the court abused its discretion by denying his motion to dismiss his prior strike conviction under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) and Penal Code[1] section 1385. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Evidence at Trial and the Jury Verdicts*

On June 10, 2016, Rodriguez, a member of the Florencia 13 gang, rode on the back of a motorbike to rival gang territory. He stopped in front of a house where people were gathered outside for a birthday party. Rodriguez fired three shots into the crowd. One bullet struck Eddie Hernandez in the forehead, killing him. Another bullet struck Carlos D.[2] in the upper leg.

A jury found Rodriguez guilty of first degree murder of Hernandez (§ 187, subd. (a); count 1), attempted deliberate and premeditated murder of Carlos (§§ 187, subd. (a), 664; count 2), possession of a firearm by a felon (§ 29800, subd. (a)(1); count 3), and shooting at an occupied dwelling (§ 264; count 4). As to

---

[1]     Further statutory references are to the Penal Code.

[2]     We refer to the surviving victim by his first name and last initial to protect his privacy interests. (See Cal. Rules of Court, rule 8.90(b)(4).)

2

counts 1, 2, and 4, the jury found true several firearm enhancements (§ 12022.53, subds. (b)-(d)). As to counts 3 and 4, the jury found true that Rodriguez engaged in violent conduct (Cal. Rules of Court, rule 4.421(b)(1)).

Rodriguez waived his right to a jury trial on a prior conviction allegation, and the court found true that Rodriguez was convicted of first degree burglary in 2012. The court concluded this prior conviction constituted a prior "strike," i.e., a serious or violent felony subject to the Three Strikes law (§§ 667, subd. (b)-(i), 1170.12).

B.     *Rodriguez's* Romero *Motion and Sentencing*

Before sentencing, Rodriguez filed a motion to dismiss his prior strike conviction under *Romero* and section 1385. He argued the court should treat him as though he had not previously been convicted of a prior strike because his present offenses were "not an act of violence against the general public," "none of [his] prior convictions involve[d] acts of violence," and he "c[ame] from [a] difficult background." He attached a psychological evaluation, which reported Rodriguez "was raised in a dysfunctional home environment" and "was involved with [the Department of Child and Family Services] from a young age." The psychologist concluded that Rodriguez's "dysfunctional background negatively affected his upbringing" and should "be taken into consideration."

According to the probation report, Rodriguez had a sustained juvenile petition for vandalism (Pen. Code, § 594) in 2003. He also had the following prior convictions in addition to the 2012 burglary: felony vandalism (Pen. Code, § 594) in 2009; felony possession of a controlled substance while armed with a

3

firearm (Health & Saf. Code, § 11370.1, subd. (a)) in 2010; three convictions for misdemeanor contempt of court (Pen. Code, § 166) in 2012, 2013, and 2016; misdemeanor receiving stolen property (Pen. Code, § 496, subd. (a)) in 2016; and misdemeanor possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) in 2016.

At the sentencing hearing, defense counsel asked the court to consider that Rodriguez "was 25 [years old] at the time of this offense," "[a]lmost all of his prior convictions were misdemeanors," and "[h]e had an awful childhood." The People argued that "while [Rodriguez] was 25 years old, his prior criminal history shows an escalating tendency towards violence," and his current offenses showed a "likelihood of re-offending and the dangerousness to society."

The court denied Rodriguez's *Romero* motion, stating that it considered that "[Rodriguez's] home life was . . . to some extent, tragic." The court also considered that Rodriguez committed the strike prior in 2012, "four years before he committed [the present offenses]." The court found the time between Rodriguez's strike prior and present offenses to be "a very short period of time," which indicated Rodriguez "did not learn and instead escalated his crime."

The court ultimately ruled as follows: "I recognize that I do have the discretion to strike the prior, and I have considered whether or not it would be in the interest of justice to strike the prior. I find that . . . dismissal of the enhancement would endanger public safety. At this time, I do not strike the strike prior that is alleged."

The court sentenced Rodriguez to a total prison term of 89 years to life. For count 1, the court imposed 25 years to life,

4

doubled to 50 years to life under the Three Strikes law
(§ 1170.12, subd. (c)(1)), plus 25 years to life for the firearm
enhancement under section 12022.53, subdivision (d).  For count
2, the court imposed a consecutive term of life, with a minimum
parole eligibility of seven years, doubled to 14 years under the
Three Strikes law (§ 1170.12, subd. (c)(1)).  For counts 3 and 4,
the court imposed and stayed, under section 654, the middle
terms of two and five years, respectively.[3]

Rodriguez timely appealed.

## DISCUSSION

A.    *Relevant Legal Principles*

"A trial court's authority under section 1385, subdivision
(a), to dismiss 'an action' includes the authority to dismiss
allegations of prior serious or violent convictions (i.e., prior
strikes) in the furtherance of justice, considering ' " 'both . . . the
constitutional rights of the defendant, and the interests of society
represented by the People . . . .' " ' "  (*People v. Ortiz* (2023)
87 Cal.App.5th 1087, 1093; see *People v. Williams* (1998)
17 Cal.4th 148, 158 (*Williams*); *Romero*, *supra*, 13 Cal.4th at
p. 530.)  To determine whether to strike a prior conviction, the
trial court "must consider whether, in light of the nature and
circumstances of his present felonies and prior serious and/or
violent felony convictions, and the particulars of his background,
character, and prospects, the defendant may be deemed outside

---

[3]    The court also stayed the remaining firearm enhancements
and struck a prior serious felony enhancement under section 667,
subdivision (a)(1).

5

the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, at p. 161; accord, *People v. Dain* (2025) 18 Cal.5th 246, 257.)

"[A] court's failure to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*); accord, *Dain*, *supra*, 18 Cal.5th at pp. 257-258.) " ' " 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' " (*Carmony*, at pp. 376-377.) Because the Three Strikes law "creates a strong presumption that any sentence that conforms to [the law's] sentencing norms is both rational and proper," a trial court will only abuse its discretion in limited circumstances, such as where the court is unaware of its discretion to strike a prior conviction, considers impermissible factors, or imposition of a Three Strikes sentence would produce an arbitrary or absurd result. (*Id.* at p. 378; see *People v. Avila* (2020) 57 Cal.App.5th 1134, 1140-1141.) We may find such abuse of discretion only in "extraordinary" circumstances. (*Carmony*, at p. 378; see *People v. Finney* (2012) 204 Cal.App.4th 1034, 1040.)

B.     *The Court Did Not Abuse Its Discretion in Declining To*
        *Strike Rodriguez's Prior Strike Conviction*

Rodriguez contends the court misunderstood the scope of its discretion in ruling on the *Romero* motion and otherwise abused its discretion in various ways. We reject his arguments.[4]

---

[4]     Even though Rodriguez raises arguments that his trial counsel failed to raise at sentencing, we exercise our discretion to

Rodriguez has failed to meet his heavy burden of showing the trial court's denial of his *Romero* motion was "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.)

Rodriguez argues the court misunderstood its discretion because it mistakenly referred to the strike as an "enhancement." The court indeed misspoke when it stated, "I find that . . . dismissal of the *enhancement* would endanger public safety." (Italics added.)  "It is . . . well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense." (*People v. Burke* (2023) 89 Cal.App.5th 237, 243.)  However, the court's single "use of less than artful language cannot be equated with having applied the wrong standard." (*People v. Price* (1992) 4 Cal.App.4th 1272, 1276.)

Rodriguez also fails to demonstrate that the court was unaware of its discretion to strike his prior strike offense.  The court explicitly acknowledged that Rodriguez presented it with "a *Romero* motion to strike the strike" under "section 1385."  The court also properly "recognize[d]" that it had "the discretion to strike the prior . . . in the interest of justice." (See *Romero*, *supra*, 13 Cal.4th at pp. 530-531 [court has power to dismiss prior strike "in furtherance of justice"].)  Further, the court declined to "strike the strike prior" after considering several permissible factors, including Rodriguez's "home life," the time between Rodriguez's strike and present offenses, and public safety concerns.  (See *Williams*, *supra*, 17 Cal.4th at p. 161 [court must consider

consider the merits of his contentions and thus need not discuss Rodriguez's associated claim for ineffective assistance of counsel. (See *People v. Lua* (2017) 10 Cal.App.5th 1004, 1014.)

7

defendant's "background" and "circumstances of his present felonies and prior serious and/or violent felony convictions"].) Nothing in the record suggests that the court misunderstood its discretion.[5]

Rodriguez contends the court's finding that dismissal of the strike prior would "endanger public safety" was not supported by substantial evidence because there is "no evidence" Rodriguez will continue to pose a danger in the future. We disagree. Rodriguez's present offenses were especially violent: he fired three shots into a crowd of people, killing one person and seriously injuring another. The court was entitled to conclude that Rodriguez's commission of such wanton and indiscriminate acts suggested a grave risk to the public warranting imposition of a Three Strikes sentence. (See *In re Coley* (2012) 55 Cal.4th 524, 560 ["a trial court's factual determinations with regard to the nature and circumstances of a defendant's triggering [i.e., present] offense may play a significant role in determining the sentence that is actually imposed upon the defendant under the Three Strikes law"].)

Besides the violent nature of his current offenses, Rodriguez's steady engagement in criminal activity, commencing as a juvenile, also supported the denial of his motion to strike. (See *Williams*, *supra*, 17 Cal.4th at p. 163 [defendant's

---

[5] Rodriguez also contends the court misunderstood its discretion because it focused solely on public safety "to the exclusion of other factors." That is not our view of the record. As noted, the court considered multiple factors. The fact that the court mentioned public safety concerns in its ruling does not mean that it considered *only* that factor.

continuous criminal history showed he " 'had failed or refused to learn his lesson' "].)  And, as the trial court correctly noted, Rodriguez committed his prior strike for first degree burglary only a few years before his present offenses, indicating Rodriguez "did not learn and instead escalated his crime."  Rodriguez's criminal history thus demonstrated he was " 'an exemplar of the "revolving door" career criminal to whom the Three Strikes law is addressed.' "  (*Carmony*, *supra*, 33 Cal.4th at p. 379.)[6]

We are also unpersuaded by Rodriguez's remaining argument that the court failed to consider his youth.  At sentencing, Rodriguez's defense counsel asked the court to consider that he was 25 years old at the time he committed the present offenses.  On appeal, Rodriguez also asserts the court should have considered that he was only 21 when he committed the prior strike offense.  Rodriguez relies on *People v. Avila*,

---

[6]     Rodriguez also contends that substantial evidence did not support the court's public safety finding because if the court dismissed the strike, Rodriguez would have been entitled to a parole hearing after serving 25 years and "would only be granted parole if he persuaded both the Board of Parole Hearings and the governor that he did not present a risk of danger to society."  While "a defendant's sentence is . . . a relevant consideration when deciding whether to strike a prior conviction allegation" in order to avoid unjust sentences (*People v. Garcia* (1999) 20 Cal.4th 490, 500), the fact that Rodriguez, as he argues, will "only be released on parole if he establishe[s] he [does] not pose a risk of danger to society," is not dispositive.  The trial court must make its *own* determination as to whether striking a prior serious and/or violent felony conviction is in furtherance of justice.  (See *Carmony*, *supra*, 33 Cal.4th at p. 377.)  It is not permitted to delegate its judgment to the Board of Parole Hearings or the governor.

9

*supra*, 57 Cal.App.5th at page 1142, in which the court held a defendant's "age when he committed his strikes, even if not dispositive, is plainly relevant to the nature and circumstances of the strikes and could be a mitigating factor." *Avila* is distinguishable because there the trial court "mistakenly believed that it could not consider" the defendant's youth at the time of the prior strike (*id.* at p. 1142), while the trial court here in no way suggested it did not believe it had discretion to consider Rodriguez's age.

Although the trial court here did not explicitly consider Rodriguez's age, " '[e]rror may not be presumed from a silent record. [Citation.] " '[A] trial court is presumed to have been aware of and followed the applicable law.' " ' " (*People v. Czirban* (2021) 67 Cal.App.5th 1073, 1097; accord, *Carmony*, *supra*, 33 Cal.4th at p. 378 ["Where the record is silent" in a case involving a *Romero* motion, the court is presumed to have correctly applied the law]; see *In re Large* (2007) 41 Cal.4th 538, 550 ["While a court must explain its reasons for striking a prior [citations], no similar requirement applies when a court declines to strike a prior."].) Nothing in the record suggests that the court failed to consider Rodriguez's youth or denied his *Romero* motion upon some mistaken view of the relevant facts. Therefore, the court did not abuse its discretion in declining to strike Rodriguez's prior strike conviction.

/ / /

/ / /

10

## DISPOSITION

The judgment is affirmed.

STONE, J.

We concur:

MARTINEZ, P. J.

SEGAL, J.